[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Before this court are various motions for judgment and opposing motions for judgment. The central issue in dispute is whether or not a default judgment which entered against the defendant in Georgia is void.
The parties to this action had entered three lease agreements. Two of those lease agreements left to the discretion of the plaintiff the picking of the forum for resolving any disputes arising out of the agreement. This forum selection provision is unenforceable because it leaves open where the appropriate forum would be. Under this provision, the plaintiff could have chosen to bring the defendant to any court in any state. This was not the intent of allowing forum selection clauses in this state.
At some point, the plaintiff revised the contract to indicate that actions arising out of the agreement would be resolved in accordance with the law of Georgia by a court in Georgia or in any the state in which IKON was situated. Putting aside, for the moment, the issue of whether this provision is similarly vague and unenforceable, this court finds that there is a material fact in dispute. An agent of the defendant attested that there were no negotiations regarding any of the forum selection provisions. If this fact is found proven, then the clause would be unenforceable. See Clarkson v. Classic Motor Carriages, Superior Court, Judicial District of Danbury, Docket No. 31 09 29 (Fuller, J., Dec. 28, 1992, 8 Conn.L.Rptr. 160, 1992 Ct. Sup. 11224). In theClarkson case the court refused to enforce the clause at issue because, among other things "[t]here were no negotiations here between the parties as to the terms of the contract . . ." Another factor considered by theClarkson court was the relative unequal status of the parties. In this action, too, there are questions of fact in dispute regarding whether or not: there was adequate negotiation about the clause; and the parties were similarly situated corporations with equal bargaining status. Accordingly, even if the second forum selection clause is not unduly vague, it cannot be enforced at this point because there is an issue in CT Page 2591 dispute as to whether or not it was adequately negotiated.
Addressing the issue of whether the clause in the third lease is unduly vague, this court cannot conclude that it was. Though the clause in question does seem to allow for litigation in more than one state, the state which is clearly identified, Georgia, was the one in which the defendant was sued. Had the defendant been sued in a court other than Georgia, its position about the clause might be more persuasive. As the facts currently stand, the clause appears enforceable under Connecticut law. The plaintiff is not, however, entitled to judgment relating to this third lease because of the issues in dispute regarding the bargaining power and bargaining history of the parties.
This court finds that the forum selection clause in the first two leases is unenforceable. Therefore, the Georgia default judgment based on those leases is void, and the defendant would be entitled to judgment on any cause of action arising out of claims for damages from the first two leases. Because the damages are not separated according to lease agreements, this court denies both motions.
For the foregoing reasons, the plaintiff's motion for summary judgment is denied. Similarly, the defendant's motion for summary judgment is denied because there is an issue of fact in dispute regarding the last lease agreement's forum selection clause.
Robinson-Thomas, J. CT Page 2592